IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-102-CVE-5 |
| RENEE LYNN HAYNES, | |
| Defendant. | |

**Unopposed Motion for Protective Order**

The United States of America moves the Court to enter a Protective Order for discovery and investigative materials in the above-captioned case. In support, the government offers as follows:

1. Pursuant to Local Criminal Rule 12.1(E), the United States advises the Court that the undersigned Assistant United States Attorney consulted with Scott A. Troy, counsel for the Defendant, regarding his position in reference to this motion, and he has no objection to this motion.

2. The government's evidence in this case relies, in part, on information provided by cooperators. Information provided by cooperators is documented in law enforcement reports and grand jury transcripts.

3. Additionally, this investigation includes audio and video recordings of cooperators or informants, and extractions from cellular telephones belonging to cooperators or informants. Extractions from cellular telephones contain large amounts of data that often contain evidence of criminal activity and personal

identifying information for the telephone's owner and others who have communicated with the telephone's owner.

4. The United States anticipates presenting additional indictments in cases related to the above-captioned case. The investigation that gave rise to the above-captioned case and that will give rise to those future indictments has been ongoing since at least 2019 and has included interviewing numerous cooperating witnesses, presenting the testimony of numerous cooperating witnesses before the Grand Jury, and downloading data from numerous cellular telephones.

5. Many of the forthcoming related cases will charge individuals who are members of criminal street gangs or criminal prison gangs. These gangs and their members often distribute large amounts of narcotics to further the goals of their criminal organizations. These gangs and their members also often use violence to carry out the goals of their criminal organizations.

6. In order to protect individuals who have provided assistance in the criminal investigation and who could potentially be targeted, threatened and intimidated,[1] protect the ongoing investigation, prevent the destruction of evidence,

---

[1] Cooperating witnesses and confidential informants are often regarded as "snitches" or "rats" by their criminal associates. Dissemination of these individuals' statements poses obvious dangers, especially where they are incarcerated in the same facility. The argument that letting the defendant read the material allows him to talk about what he read is no different than providing the written documents ignores the obvious when dealing with criminals. It is not the same kind of damage. Documentary evidence of a witness's betrayal is more compelling than a verbal statement because there is an actual writing or a piece of paper containing information which can facilitate retaliation or intimidation of a witness.

prevent targets from becoming fugitives, protect the sanctity and the secrecy of the grand jury process, prevent the intimidation of others who may have cooperated previously or are now cooperating, and protect the Government's attorney if he discloses to Defendant's counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered for all material provided to the defense, requiring that counsel shall not disseminate copies of this material to the Defendant or anyone outside the defense team.

7. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

8. The government realizes all parties are working under difficult circumstances because of the ongoing COVID-19 pandemic. Defendants in custody are still allowed access to their counsel via electronic means. Additionally, some jails are allowing in-person visits where counsel and client are separated by glass. Counsel has a means to review discovery with the necessary limitations with in-custody

clients.

9. In light of the ongoing nature of the investigation, the fact that not all targets of the investigation have yet been charged, the fact that not all targets of the investigation are currently in custody, and the extensive use of cooperating witnesses and informants in the investigation, a Protective Order is necessary in this case.

WHEREFORE, the United States respectfully requests that the Court enter a protective order limiting the dissemination of discovery and investigative materials.

CLINTON J. JOHNSON
ACTING UNITED STATES ATTORNEY

/s/ Thomas E. Duncombe
Thomas E. Duncombe, DC Bar #1029476
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
918-382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Scott A. Troy
*Counsel for Renee Lynn Haynes*

/s/ Thomas E. Duncombe
Thomas E. Duncombe
Assistant United States Attorney